Scileppi, J.
(dissenting). The rather limited question presentéd to us is whether, on the uncontroverted facts, claim *222 ant’s injuries arose out of and in the course of his employment (see Workmen’s Compensation Law, § 10). According to today’s decision, this basic question must be answered in the affirmative whenever a record reveals a change in environment and concurring injury. Such a perfunctory approach to compensation is not within the purpose of the statute or prior decisions of this court.
The majority correctly perceives that when employment removes the employee from his home town and places him in a new environment, injuries will often be deemed work-connected and compensable even though the employee was not actually on the job when he was hurt (see, e.g., Matter of Kaplan v. Zodiac Watch Co., 20 N Y 2d 537, 539; Matter of Miller v. Bartlett Tree Expert Co., 3 N Y 2d 654). As this court explained in Matter of Davis v. Newsweek Mag. (305 N. Y. 20, 27-28), a case upon which the majority relies, if an employee is ‘ ‘ directed, as part of his duties, to remain in a particular place or locality until directed otherwise or for a specified length of time * * * the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any reasonable activity at that place, and if he does so the risk inherent in such activity is an incident of his employment.” (Emphasis in original.) But this very same case also states that this factor alone does not make all accidents compensable. Injuries arising out of purely personal pursuits, having no direct relation to employment, will not be compensable simply because they occur while the employee is away from home (id., at p. 26). Of special relevance to the matter at bar is the following statement: “ Neither is an injury resulting from recreational activity compensable, where such activity is carried on on the employee’s own time and off the employer’s premises, though the employer has sanctioned and given financial assistance to such activity” (Matter of Davis v. Newsweek Mag., 305 N. Y. 20, 26-27, supra).
Thus, though a change in environment may create a greater* risk of injury, a compensation order ought not be sustained unless there is some casual connection between the accident and the new environmental factor (Matter of Kaplan v. Zodiac Watch Co., 20 N Y 2d 537, 540, supra). In other words, workmen’s compensation should not be awarded if the “ accident is *223 attributable solely to the personal acts of the claimant ” (id., emphasis in original) and, where injury is due to acts which the employee would perform at home as well as abroad, his remedies lie elsewhere.
Turning to the claim before us, it is evident that, examining the nature of the accident and the place and circumstances under which it transpired, claimant, on his own time and off his employer’s property, was engaged in a purely personal pursuit. The accident was in no way attributed to the environment; rather it was the result of claimant’s decision to engage in a form of athletic recreation, a very normal activity for a 16-year-old and one which he could have engaged in at home.
Accordingly, the order should be affirmed.
Chief Judge Fuld and Judges Burke and Bergan concur with Judge Gibson ; Judge Scileppi dissents and votes to affirm in a separate opinion in which Judges Breitel and Jasen concur.
Order reversed, with costs to the Workmen’s Compensation Board against the employer respondent, and the award reinstated.